UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DEN BESTE, | No. C-13-4438 EMC |
|     Appellant, | |
| v. | **ORDER GRANTING APPELLEE'S MOTION TO DISMISS** |
| JEFFRY LOCKE, | |
|     Appellee. | **(Docket No. 8)** |

Paul and Melody Den Beste initiated bankruptcy proceedings in September 2010. The action was commenced as a Chapter 13 case but was subsequently converted to a Chapter 7 case. In March 2011, the James L. Den Beste Trust ("Den Beste Family Trust" or "Family Trust") filed a proof of claim with the bankruptcy court, in which it asserted that funds in the amount of $66,000 (approximately) belonged to the Family Trust. *See* Mot., Ex. B. The bankruptcy trustee, Jeffry G. Locke, filed an objection to the claim. The bankruptcy court sustained the bankruptcy trustee's objection and disallowed the claim. *See* Docket No. 4-24 (Bankr. Ct. Memo. at 2); Docket No. 4-27 (Bankr. Ct. Order at 1). Mr. Den Beste has now appealed that decision. Mr. Den Beste asserts that he is appealing as a beneficiary of the Family Trust, and not as one of the bankruptcy debtors. Currently pending before the Court is a motion to dismiss filed by Mr. Locke, the bankruptcy trustee.

Having considered the papers submitted as well as the evidence of record, the Court hereby **GRANTS** the motion to dismiss.

///

## I. FACTUAL & PROCEDURAL BACKGROUND

As noted above, bankruptcy proceedings involving Mr. and Ms. Den Beste were initiated in September 2010. Approximately a month before the bankruptcy proceedings began, a state court appointed a receiver to obtain satisfaction of certain judgments against Mr. and Ms. Den Beste, and the receiver seized approximately $66,000 from an account at the Redwood Credit Union held in the name of the Family Trust. After bankruptcy proceedings began, the receiver turned over those funds (as well as others) to Mr. Locke, the bankruptcy trustee. *See* Docket No. 4-2 (Bankruptcy Trustee's Not. at 1).

In March 2011, Family Trust filed a proof of claim with the bankruptcy court, in which it asserted that the $66,000 belonged to the Family Trust. *See* Mot., Ex. B. Several months later, in June 2011, Mr. Locke filed a notice, stating that he intended "to dispose of and pay" the $66,000 to the Family Trust because he had determined those funds were not property of the bankruptcy estate but rather property of the Family Trust. *See* Docket No. 4-2 (Bankruptcy Trustee's Not. at 1). Mandy Power, the person who had sought satisfaction of the judgments against Mr. and Ms. Den Beste in state court (leading to the receivership), objected to the trustee's notice. Ms. Power claimed that Mr. Den Beste "had used bank accounts in the name of [the Family] Trust as his personal bank accounts, freely commingling his person funds with those previously in the accounts." Docket No. 4-3 (Power's Obj. ¶ 11). In response, Mr. Locke stated that the Family Trust had produced documents for its accounts from 2007 through 2010, which covered the period for which Mr. Den Beste had been trustee for the Family Trust; that Mr. Locke and his counsel had reviewed those documents; and that Mr. Locke and his counsel concluded "there were no unaccounted for deposits or withdrawals that would suggest that the Debtor commingled his personal assets with the [family] trust funds or used the accounts for his personal use." Docket No. 4-4 (Locke's Resp. at 4).

In May 2012, the bankruptcy court issued an order regarding the dispute. It stated first that it would treat Mr. Locke's notice as a motion to abandon the bankruptcy estate's interest in the

1  $66,000 pursuant to 11 U.S.C. § 554.[1] The bankruptcy court then granted the motion to abandon
2  and instructed that the $66,000 be returned to the state court receiver "subject to the rights and
3  claims of all parties." Docket No. 4-10 (Bankr. Ct. Order at 3). The bankruptcy court specifically
4  stated that it was "abstain[ing] from making any determination of the ownership of the [$66,000]
5  and defer[ring] to the State Court for any such determination . . . with the parties' respective rights to
6  the Funds as of the petition date to be preserved." Docket No. 4-10 (Bankr. Ct. Order at 3).

7  Subsequently, Mr. Den Beste filed a motion asking the bankruptcy court to vacate its May
8  2012 order of abandonment and further asking the court to issue an order directing Mr. Locke to pay
9  the $66,000 to the Family Trust. *See* Docket No. 4-11 (Den Beste's Mot. at 1-2). Mr. Locke
10 opposed the motion. *See* Docket No. 4-16 (Locke's Opp'n at 1). Though no formal written order
11 ever issued, Mr. Den Beste's motion was denied as reflected in an entry on the docket sheet. *See*
12 Docket No. 6 (Den Beste's Op. Br. at 7).

13 Approximately a year later, in July 2013, Mr. Locke filed a notice stating that he was
14 objecting to the Family Trust's claim in the amount of $66,000 "on the grounds that the funds in
15 question were abandoned by the Trustee pursuant to [the May 2012 bankruptcy] court order and are
16 no longer held by the estate." Docket No. 4-19 (Locke's Not. at 1). Mr. Den Beste filed an
17 opposition in which he stated that "it has been established in these bankruptcy proceedings that [he]
18 is a beneficiary to [the Family Trust] and that the $66,001.01 funds are the separate property of the
19 [Family] Trust and must be honored and paid." Docket No. 4-20 (Den Beste's Opp'n at 1).
20 Essentially, Mr. Den Beste asked for the same relief as in his above motion to vacate. *See* Docket
21 No. 4-20 (Den Beste's Opp'n at 6).

22 Subsequently, Ms. Power filed a declaration in support of Mr. Locke's objection to the
23 Family Trust's claim for $66,000. In her declaration, Ms. Power noted that, after the May 2012
24 bankruptcy court order of abandonment, "the Receiver returned to the state court and sought a
25 determination from the state court as to the status of the funds. . . . [T]he Sonoma County Superior

---

[1] Section 554(a) provides: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

3

Court ruled that the [Family] Trust had failed to sustain its burden of proof in the Third Party Claim proceeding, and that the seized funds could properly be applied to the collection of the judgments [against Mr. and Ms. Den Beste]." Docket No. 4-23 (Power Decl. ¶ 4).

In August 2013, the bankruptcy court issued a memorandum on Mr. Locke's objection to the Family Trust's claim. In the memorandum, the court stated as follows:

> In order to be allowed, a claim must exist "as of the date of the filing of the petition" . . . . On the date of the petition [*i.e.*, September 2010] . . . the [$66,000 in] funds were in the possession of a state court receiver. Any claim the [Family] Trust may have was, on the date of filing [of the petition], either entirely *in rem* or owed by the receiver and was not enforceable against the debtors [*i.e.*, Mr. and Mr. Den Beste] or their property. Therefore, the claim must be disallowed pursuant to § 502(b)(1) of the [Bankruptcy] Code.

Docket No. 4-24 (Bankr. Ct. Memo. at 1-2). In the same memorandum, the bankruptcy court noted that the Family Trust's attorney had failed to prosecute its claim and that, instead, "debtor Paul Den Beste attempted to represent the Trust. [But a] trust is an artificial entity and can appear in federal court only through a lawyer. Accordingly, the court will issue an order barring the debtors from attempting to represent the Trust." Docket No. 4-24 (Bankr. Ct. Memo. at 2).

In September 2013, the bankruptcy court formally issued its order disallowing the Family Trust's claim. *See* Docket No. 4-27 (Bankr. Ct. Order at 1) (stating that the claim is denied "for the reasons set forth by the Court on the record, and contained in the Court's Memorandum"). Mr. Den Beste subsequently appealed.

## II. DISCUSSION

Currently pending before the Court is Mr. Locke's motion to dismiss the appeal.[2] Mr. Locke argues that the appeal should be dismissed because Mr. Den Beste lacks standing to pursue the appeal, because he has failed to perfect the record before the Court, and because the appeal is moot.

---

[2] Alternatively, Mr. Locke has asked the Court for an extension of time to file a responsive brief on the merits.

4

For purposes of this order, the Court assumes that Mr. Den Beste is able to pursue the appeal to the extent he is a beneficiary of the Family Trust.[3] The Court also assumes that any failure by Mr. Den Beste to perfect the record is capable of being cured. The problem for Mr. Den Beste is that, even if these assumptions are made in his favor, he still lacks standing to appeal the bankruptcy court's order. The requirements for Article III standing are as follows.

> First, the petitioner must show that it has suffered "an injury in fact," i.e., "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Second, it must show that the injury is "fairly traceable to the challenged action of the defendant," and is not "the result of the independent action of some third party not before the court." Finally, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Ass'n of Pub. Agency Customers v. Bonneville Power Adm'n*, 733 F.3d 939, — (9th Cir. 2013).

Here, the Court concludes that Mr. Den Beste has failed to establish a prima facie case of redressability. *See Societe de Conditionnement en Alum. v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981) (stating that, where subject matter jurisdiction is at issue and a plaintiff's proof of jurisdictional matters is limited to written materials, a plaintiff need only make out a prima facie case on jurisdiction). The Court acknowledges that "[r]edressability does not require certainty, but only a substantial likelihood that the injury will be redressed by a favorable judicial decision." *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013). Nevertheless, Mr. Den Beste cannot meet even this more forgiving standard because, even if the bankruptcy court had erred in sustaining Mr. Locke's objection to the Family Trust's claim for $66,000, that would not render the bankruptcy court's earlier abandonment order inoperative.

As noted above, in the abandonment order, the bankruptcy court construed the Mr. Locke's notice of intent to dispose of and pay the $66,000 to the Family Trust as a motion to abandon the

---

[3] Alternatively, the Court assumes Mr. Den Beste is able to pursue the appeal to the extent that, upon abandonment by a bankruptcy trustee, the property typically reverts back to the debtor. *See Catalano v. Comm'r of Internal Rev.*, 279 F.3d 682, 685 (9th Cir. 2002) (stating that "'[a]bandonment' is a term of art with special meaning in the bankruptcy context[:] [i]t is the formal relinquishment of the property at issue from the bankruptcy estate [and] [u]pon abandonment, the debtor's interest in the property is restored *nunc pro tunc* as of the filing of the bankruptcy petition").

$66,000 as a part of the bankruptcy estate. Typically, upon abandonment by a bankruptcy trustee, the property reverts back to the debtor, *see* note 2, *supra*, but, here, because there was a dispute as to whether the $66,000 was in fact funds owned by Mr. Den Beste (as claimed by Ms. Power) or by the Family Trust (as claimed by Mr. Den Beste), it was reasonable for the bankruptcy court to instruct that the funds be given to the state court receiver, with the state court to make the final determination as to who the owner of the funds was. With the funds having been provided to the state court receiver by order of the bankruptcy court, any injury now claimed by Mr. Den Beste as a result of the bankruptcy court order on Mr. Locke's objection to the Family Trust claim is not redressable.[4]

Furthermore, Mr. Locke has argued mootness based on the same underlying facts. *Cf. Doe v. Reed*, 697 F.3d 1235, 1244 (9th Cir. 2012) (stating that, "[f]or the same reason that this case is not moot, and there is some remedy still available, the Plaintiffs have also suffered a cognizable, redressable injury giving rise to standing"). Mr. Den Beste failed to address the mootness argument in his opposition brief. The Court agrees with Mr. Locke that mootness is another obstacle that Mr. Den Beste cannot overcome.

> The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings. A claim is moot if it has lost its character as a present, live controversy. If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.

*Grand Canyon Trust v. U.S. Bur. of Reclam.*, No. 11-16326, 2012 U.S. App. LEXIS 19625, at *18-19 (9th Cir. Sept. 17, 2012) (internal quotation marks omitted). Here, an event has occurred that prevents this Court from granting effective relief – *i.e.*, because the $66,000 is not in the possession of the bankruptcy estate and because a state court has opined that those funds could properly be applied to the collection of the judgments against Mr. and Ms. Den Beste.

---

[4] The Court is not without some sympathy for Mr. Den Beste as the bankruptcy trustee apparently concluded that the $66,000 belonged to the Family Trust. However, even if the bankruptcy trustee in good faith concluded such, the bankruptcy trustee was without authority to make a final determination as to who the proper owner of the funds was. Nor was the bankruptcy court obligated to make any such determination – rather, the only issue for the bankruptcy court was whether the funds should be part of the bankruptcy estate, and the bankruptcy court concluded that they should not be.

6

Finally, the Court notes that, at the end of the day, what Mr. Locke should be contesting is the ruling of the state court, finding that the funds could be used to satisfy the judgments against Mr. and Ms. Den Beste. But in that case, Mr. Den Beste should have appealed the state court decision within the state court system and not asked this Court instead for relief. *Cf. Vasquez v. Rackauckas*, No. 11-55795, 2013 U.S. App. LEXIS 22437, at *23 (9th Cir. Nov. 5, 2013) (noting that the *Rooker-Feldman* doctrine bars what are de facto appeals of state court judgments).

### III. CONCLUSION

Accordingly, the Court grants Mr. Locke's motion to dismiss the appeal and instructs the Clerk of the Court to close the file in this case.

This order disposes of Docket No. 8.

IT IS SO ORDERED.

Dated: January 7, 2014

_____
EDWARD M. CHEN
United States District Judge